J-S19004-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SHLOMA WEINBERGER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT M. SMITH | : | |
| | : | |
| Appellant | : | No. 2554 EDA 2019 |

Appeal from the Order Entered August 21, 2019
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  190501823

BEFORE:  BOWES, J., McCAFFERY, J., and MUSMANNO, J.

MEMORANDUM BY BOWES, J.:                    **FILED JUNE 08, 2020**

Robert M. Smith ("Tenant") appeals *pro se* from the order that denied his motion to reinstate his *de novo* appeal from the Philadelphia municipal court in this residential landlord-tenant action.  We affirm.

On May 17, 2019, Shloma Weinberger ("Landlord") obtained a judgment for money and possession against Tenant.  Tenant filed a timely notice of appeal to the Philadelphia court of common pleas and obtained a case management order ("CMO"), which set dates for a mandatory settlement conference and trial.  The CMO also advised Tenant of his duty under the local rules to serve his notice of appeal and the CMO on Landlord according to the Pennsylvania rules applicable to the original service of process.  **See** CMO, 5/17/19, at 3-4 (citing Pa.R.C.P. 400.1).  **See also** Phila.L.R. *1001(d) ("The Notice of Appeal shall be served on the appellee as provided by the rules

applicable to service of original process in Philadelphia County, as set forth in Pa.R.C.P. No. 400.1.").

Also on May 17, 2019, Tenant filed a praecipe for a rule to file a complaint and a motion to proceed *in forma pauperis* ("IFP"). The prothonotary issued the rule immediately. By order of June 24, 2019, the court denied Tenant's IFP motion based upon insufficient financial information. Appellant filed a new IFP motion and appeared for the scheduled settlement conference, but it was not held based upon the failure of Landlord to appear.

On July 11, 2019, counsel entered an appearance on behalf of Landlord and filed a praecipe to strike the appeal pursuant to Philadelphia Local Phila.L.R. Rule *1001(h),[1] based upon Tenant's failure to serve upon Landlord a rule to file a complaint. Tenant filed a motion to reinstate the appeal, claiming that he had "shown effort to serve the appeal" on Landlord. Tenant also attached a return of service from the Philadelphia County Sheriff's Office indicating that service upon Landlord had been attempted at 4256 Castor Avenue, Philadelphia, but that the sheriff had not been able to locate Landlord.

---

[1] Philadelphia Local Rule *1001(h) provides as follows:

> Upon failure of the appellant who was . . . the defendant in the Municipal Court action to serve upon the appellee (who was the plaintiff in the Municipal Court action) of a rule to file a complaint, . . . the Office of Judicial Records shall, upon praecipe of the appellee, mark the appeal stricken from the record. The Court of Common Pleas may reinstate the appeal upon good cause shown.

The return of service further stated: "this is not [Landlord's] address and [Landlord's counsel] refused to accept service for [Landlord] at that address."[2] Return of Service, 5/28/19. The common pleas court denied Tenant's motion to reinstate the appeal by order of August 21, 2019.

Tenant timely filed a notice of appeal to this Court, and both Tenant and the trial court complied with Pa.R.A.P. 1925. Specifically, Tenant's Rule 1925(b) statement lists four claims of substantive error, while the trial court's Rule 1925(a) opinion explains that it dismissed Tenant's appeal on the procedural ground of Tenant's failure to effectuate service upon Landlord.[3] *See* Trial Court Opinion, 10/29/19, at 4.

Tenant's brief in this Court contains no statement of questions presented.[4] His argument solely addresses errors allegedly committed in the municipal court. Tenant provides no contention that the notice of appeal and rule to file a complaint were properly served upon Landlord such that there

---

[2] The Castor Avenue address is the one Landlord utilized when initiating the action in the municipal court. However, the lease listed an address for Landlord on Washington Lane in Jenkintown, Pennsylvania.

[3] The trial court opinion alternatively indicates that the appeal was properly dismissed because Tenant failed to file a complaint within twenty days of the appeal. *See* Trial Court Opinion, 10/29/19, at 4. However, as Tenant was the defendant in the municipal court, he had no obligation to file a complaint. Rather, his responsibility was to file the praecipe for a rule for Landlord to file a complaint. *See* Phila.L.R. *1001(f)(1)(ii). Appellant did file the proper praecipe. Accordingly, the trial court's alternate reasoning does not suffice as a basis for us to affirm.

[4] Landlord has not filed a brief in this Court.

was no basis to strike his appeal pursuant to Phila.L.R. *1001(h) (providing that an appeal shall be stricken upon praecipe of the appellee if the appellant/defendant fails to serve a rule to file a complaint upon the appellee/plaintiff). Nor does he present any argument that the trial court committed an error of law or abuse of discretion in concluding that Tenant failed to show good cause to reinstate the appeal. *See id*. ("The Court of Common Pleas may reinstate the appeal upon good cause shown."). Consequently, we affirm the trial court's order denying his motion to reinstate the appeal from the municipal court without reaching the merits of his substantive claims.

Order affirmed.

Judge Musmanno joins this memorandum.

Judge McCaffery files a concurring memorandum in which Judge Bowes and Judge Musmanno joins.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/8/20